IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13 cr 12-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TARYN KRISTA ELIZABETH TOINEETA RATTLER. | ) ) ) | |

**THIS CAUSE** coming on to be heard before the undersigned, pursuant to a letter (#112) sent by Defendant to United States District Judge Martin Reidinger. In the letter, Defendant requests that new counsel be substituted for her present counsel, Attorney Ronald Justice. At the call of this matter on for hearing it appeared that Defendant was present with her counsel Ronald Justice and the Government was present through Assistant United States Attorney Tom Kent. From the statements of Defendant, the statements of Mr. Justice and Mr. Kent, on behalf of the Government, the Court makes the following findings:

**Findings.** At the call of this matter, the undersigned conducted an inquiry with Defendant in a sealed proceeding and excluded Mr. Kent from the courtroom. This was done out of an abundance of caution to insure that no confidential communications between Defendant and her attorney would be disclosed. After conducting the sealed proceeding, the undersigned determined that no confidential

1

communications between Defendant and Mr. Justice were discussed in the inquiry and as a result, will refer to the discussions in this Order.

Defendant advised the Court that she had written the letter to express concern over the fact that in Defendant's opinion, she was not being provided, by the Swain County Detention Center, with appropriate medications to assist her in regard to her pregnancy and that she had been placed in an isolation cell with no visits or telephone calls. The undersigned explained to Defendant that the actions of the Swain County Sheriff's Office had not been caused by Mr. Justice nor was there really anything that Mr. Justice could do other than have discussions about the issues with the United States Marshals. Defendant advised the Court that she had been misinformed concerning the authority of her attorney in these matters and that she was satisfied with her representation by Mr. Justice.

Defendant entered a plea of guilty on September 11, 2013 to conspiracy to distributing a controlled substance, that being marijuana, oxycodone and cocaine. The Defendant is awaiting sentencing in this matter.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986) The determination of whether or not a motion for substitution of counsel should be granted is within the

discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. <u>Morris v. Slappy</u>, 461 U.S. 1 (1983) In considering the letter herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why Defendant does not wish for Mr. Justice to represent her further; and (3) whether or not there is such a conflict between Defendant and Mr. Justice that is so great it has resulted in a total lack of communication preventing an adequate defense. <u>United States v. Gallop</u>, 838 F.2d 105 (4th Cir. 1988)

The undersigned would consider that the motion of Defendant for substitution of counsel has been filed at a late stage in this case and Mr. Justice has represented Defendant throughout the proceedings and Defendant is now awaiting sentencing.

The undersigned inquired as to the reasons for the conflict between Defendant and Mr. Justice and it appears that Defendant had been given false information concerning the authority of Mr. Justice to govern the place and terms and conditions of detention of Defendant. This incorrect information that was provided to the Defendant shows that this factor must be weighed against allowing Defendant's motion.

The undersigned has further examined this matter to determine whether or

not there is such a conflict between Mr. Justice and Defendant that there is a total lack of communication between them preventing an adequate defense. It clearly appears that such a conflict does not exist in this matter. Mr. Justice is an excellent attorney who works diligently on behalf of his clients and the undersigned is satisfied that he is doing an excellent job for the Defendant in this matter.

After considering all of the factors, it appears that the undersigned cannot find any reason for the appointment of another attorney and there does not appear to be a lack of communication between Defendant and Mr. Justice that would prevent an adequate defense. Based upon the foregoing, the undersigned has determined to enter an Order denying Defendant's request for substitution of new counsel.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the letter (#112) of Defendant which has been considered as a motion for substitution of counsel is hereby **DENIED.**

Signed: October 24, 2013

Dennis L. Howell
United States Magistrate Judge