IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13 CR 12-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TARYN KRISTA TOINEETA RATTLER. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned pursuant to a Motion (#128) filed by Defendant's attorney, Ronald E. Justice, Jr., requesting that Defendant be released from custody for a period of time to allow for the birth of Defendant's child. At the call of the matter on for hearing Defendant was present with her attorney Ronald E. Justice, Jr. and the Government was present and represented through Assistant United States Attorney Tom Ascik. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On June 4, 2013 a bill of indictment was issued charging the Defendant with conspiracy to traffic in a schedule I controlled substance, that being marijuana; schedule II controlled substances, that being Oxycodone and cocaine; and schedule IV controlled substance, that being alprazolam, all in

1

violation of 21 U.S.C. § 846. An initial appearance hearing was held for Defendant on June 24, 2013 and on June 25, 2013 an arraignment hearing was held for Defendant. Thereafter, on July 2, 2013 a detention hearing was held for Defendant at which time Defendant waived the detention hearing (#36). A Rule 11 proceeding was held for Defendant on September 13, 2013 and at that time, Defendant pled guilty to the charges contained in count one of the bill of indictment. Defendant now requests that she be released on terms and conditions of pretrial release.

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the Defendant has now entered a plea of guilty to the crime of conspiracy to violate 21 U.S.C. § 846. That crime is one of the crimes that is referenced under 18 U.S.C. §

3142(f)(1)(C). It would appear that the undersigned is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

The undersigned has considered the Motion filed by Defendant's counsel as a motion being filed under 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger assigned to the undersigned the task of conducting exceptional circumstances determination in criminal matters pending in this district. What constitutes exceptional circumstances had been defined by Judge Reidinger in United States v.Vilaiphone, 2009 WL 412958 (February 19, 2009 W.D.N.C.). In Vilaiphone, Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360

F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

In the motion of Defendant, Defendant argues that the pending birth of her child constitutes an exceptional circumstance which should entitle her to be considered for presentence release in this matter. Pursuant to United States v. Price, 618 F.Supp. 2d 473 (W.D.N.C. 2008), the fact that Defendant has a rapidly approaching date for the birth of her child would constitute an exceptional

circumstance as it is "clearly out of the ordinary, uncommon, or rare" for a Defendant to have to undergo the birth of a child while held in detention. The Court has been advised that the Defendant is expecting the birth of her child during the month of February 2014. The undersigned is of the opinion that this expectation is an exceptional circumstance that would merit the release of Defendant. The United States has advised the Court that the Government does not object to the release of Defendant due to such specific set of circumstances. As a result of the foregoing, the undersigned will grant the motion of Defendant.

## ORDER

**IT IS, THEREFORE, ORDERED**, that Defendant's Motion (#128), having been considered as a motion for release pursuant to the existence of exceptional reasons as set forth in 18 U.S.C. § 3145(c) is hereby **ALLOWED** and Defendant will be released on terms and conditions of presentence release. The undersigned will further enter an order setting a hearing whether or not Defendant should be continued on terms and conditions of pretrial release after the expected birth of her child and will schedule such hearing for **April 2, 2014 at 9:30 a.m**. in Courtroom #2 in the United States Courthouse in Asheville, North Carolina.

Signed: January 22, 2014

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge