# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:13 CR 12-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| TARYN KRISTA ELIZBETH ) | |
| TOINEETA RATTLER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#150) filed in the above entitled cause on April 4, 2014 by the United States Probation Office. The matter also come on to be heard pursuant to an Order (#136) entered by this Court directing that the Defendant appear on April 2, 2014 to determine whether or not Defendant would continue to be released on terms and conditions of pretrial release. At the call of this matter on for hearing it appeared Defendant was present with her counsel, Ronald Justice, and the Government was present through Assistant United States Attorney, Tom Ascik, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, denied the allegation contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence. Testimony was then presented by the Government through Mark D. Corbin, United States Probation Officer.

Defendant was charged in a bill of indictment (#1) with conspiracy to traffic in a schedule I controlled substance, that being marijuana; schedule II controlled substances; that being Oxycodone and cocaine; and a schedule IV controlled substance, that being alprazolam, all in violation of 21 U.S.C. § 846. In January of 2014 Defendant was released on terms and conditions of pretrial release by this Court based upon the undersigned finding that exceptional circumstances existed which was the expected birth of Defendant's child who was to be born during the month of February 2014. The undersigned released Defendant on terms and conditions of presentence release on January 17, 2014. The terms and condition of presentence release included the following:

(1)   That Defendant shall not commit any offense in violation of federal, state or local law while on release in this case;

(8)(p)Defendant shall refrain from use or unlawful possession of a narcotic

drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

Defendant had been ordered by the undersigned to appear on April 2, 2014 to determine whether or she would be continued on terms and conditions of pretrial release. Defendant did not appear on April 2, 2014 and a warrant for her arrest was issued by this Court.

United States Probation Officer Mark Corbin testified that Defendant had been arrested on March 24, 2014 based upon allegations that she had violated terms and conditions of state probation. The Defendant was transported to the Jackson County Jail in Sylva, North Carolina. After Defendant had been placed in the detention center a search was made of the body of Defendant and it was discovered that Defendant had contained, in a personal area of her body, a plastic bag containing 6.5 grams of marijuana. Defendant was then charged on March 26, 2014 in Jackson County, North Carolina with having a controlled substance while she was an inmate at the Jackson County Detention Center in violation of N.C.G.S. § 90-95(E)(9). Introduced into evidence by the Government as Government's Exhibit "1" was a copy of the warrant and a copy of an Incident/Investigation Report in which Deputy Ernest A. Scherman set forth the facts in regard to the search of Defendant by a female officer. The bag containing the marijuana was

delivered to Deputy Scherman and he identified the substance located in the bag, through his training and experience, as being marijuana. Deputy Scherman interviewed the Defendant and she stated that a male at her household had told her to hide the marijuana on her body, and the Defendant did not mention the marijuana to the detention officers because she believed she would be able to bond out of jail quickly, without being searched.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant committed a state felony while on release, that being a violation of N.C.G.S. § 90-(E)(9), or being possession of a controlled substance on prison/jail premises, which is a Class (H) felony. Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety or any other person or the community.

There has further been shown by clear and convincing evidence that Defendant violated the term and condition of release that states she shall refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a license medical practitioner. Defendant has clearly violated this condition by possessing marijuana which is a drug which is not prescribed by licensed medical practitioners.

The undersigned further finds that Defendant violated the terms and conditions of release by failure to appear on April 2, 2014 at the hearing which was scheduled by this Court concerning her terms and conditions of release.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. §

3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of presentence release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: April 10, 2014

Dennis L. Howell
United States Magistrate Judge